Wilmington Sav. Fund Socy., FSB v Scarso (2025 NY Slip Op 04745)

Wilmington Sav. Fund Socy., FSB v Scarso

2025 NY Slip Op 04745

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-03016
2023-00359
 (Index No. 135722/18)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Francesco Scarso, etc., appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Margaret J. Cascino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Francesco Scarso appeals from (1) an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated April 5, 2022, and (2) an order of the same court dated December 20, 2022. The order dated April 5, 2022, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Francesco Scarso and for an order of reference and denied the cross-motion of that defendant for summary judgment dismissing the complaint insofar as asserted against him. The order dated December 20, 2022, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Francesco Scarso and for an order of reference are denied, and that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him is granted.
In December 2018, the plaintiff commenced the instant action against, among others, Francesco Scarso (hereinafter Francesco), Pietro Scarso (hereinafter Pietro), and Rita Scarso (hereinafter Rita and, collectively with Francesco and Pietro, the homeowners) to foreclose a mortgage encumbering certain real property located in Staten Island. The homeowners answered the complaint and asserted affirmative defenses alleging, inter alia, that the plaintiff failed to comply with the 90-day notice requirement of RPAPL 1304. Following Pietro's death, his interest in the property automatically transferred to Rita by operation of law. Following Rita's death, letters of administration were issued to Francesco appointing him as the administrator of Rita's estate. Thereafter, Francesco was substituted in this action for Rita in his capacity as the administrator of Rita's estate, and the caption was amended accordingly.
In November 2021, the plaintiff moved, among other things, for summary judgment [*2]on the complaint insofar as asserted against Francesco and for an order of reference. Francesco opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff opposed Francesco's cross-motion. In an order dated April 5, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied Francesco's cross-motion. In an order dated December 20, 2022, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. Francesco appeals.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "'Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action'" (Pennymac Corp. v Levy, 207 AD3d 735, 736 [internal quotation marks omitted], quoting HSBC Bank USA, N.A. v Sawh, 177 AD3d 959, 960; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). "Where an RPAPL 1304 notice fails to reflect information mandated by the statute, . . . the statute will not have been strictly complied with and the notice will not be valid" (Emigrant Bank v Cohen, 205 AD3d 103, 111; see Bank of N.Y. Mellon v Maldonado, 209 AD3d 947, 948).
Here, although the language in a 90-day notice sent to Francesco in November 2016 complied with the language set forth in RPAPL 1304 as it existed at the time the notice was mailed (see L 2012, ch 155, § 84 [eff July 18, 2012]), the plaintiff failed to establish, prima facie, that the notice complied with the language set forth in RPAPL 1304 as it existed at the time this action was commenced in December 2018 (see id., L 2016, ch 73, part Q §§ 6, 7 [eff Dec. 20, 2016]; U.S. Bank N.A. v Christmas-Beck, 219 AD3d 534, 538). Since there was more than a two-year period between the time that the notice was sent and the time that the action was commenced, "[n]othing prevented the plaintiff from sending the defendant a new RPAPL 1304 notice, using the updated language, 90 days prior to commencing this action" (U.S. Bank N.A. v Christmas-Beck, 219 AD3d at 538). Accordingly, as the plaintiff failed to establish, prima facie, strict compliance with RPAPL 1304, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Francesco and for an order of reference (see U.S. Bank N.A. v Christmas-Beck, 219 AD3d at 538).
Moreover, for the reasons set forth above, Francesco established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him (see HSBC Bank USA, N.A. v Bott, 227 AD3d 782, 784; Deutsche Bank Natl. Trust Co. v Hennessy, 218 AD3d 740, 742). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted Francesco's cross-motion for summary judgment dismissing the complaint insofar as asserted against him.
In light of our determination, we need not reach the parties' remaining contentions.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court